EASTERN DIST.
*April,* 1840.

STATE OF LOUISI-
ANA
*vs.*
JUDGE OF THE
PARISH COURT OF
NEW-ORLEANS.

---

STATE OF LOUISIANA, *vs.* JUDGE OF THE PARISH COURT OF NEW-ORLEANS.

ON AN APPLICATION FOR A WRIT OF MANDAMUS.

The Judge *a quo* possesses discretionary powers of enlarging a rule, and postponing a trial, giving further time for hearing the parties; and when this discretionary power is exercised, this court will not interfere, by granting a *mandamus,* commanding him to proceed instanter.

This is a case of *mandamus.* Silas Lillard, a creditor, having taken a rule on the syndic of the creditors of Tarbe & Nash, to produce his bank book, and in default pay twenty per cent. damages on the money of the estate surrendered and not deposited, and be dismissed from office.

The judge refused to make the rule absolute on the expiration of the time, but allowed three days longer to produce the book, on account of sickness. The counsel of the petitioner moved that evidence be received, and offered it to show that the syndic never had kept a bank book, as required by law, and that the rule be made absolute. The judge refused to proceed in the trial of the rule, until the three days expired, and the petitioner took a rule in this court for a peremptory *mandamus* on the judge of the Parish Court, requiring him to receive the evidence, and make the rule absolute on the syndic.

EASTERN DIST.
*April,* 1840.

STATE OF LOUISIANA
*vs.*
JUDGE OF THE PARISH COURT OF NEW-ORLEANS.

*F. B. Conrad,* in behalf of Judge Maurian, showed cause, that on the 10th March, 1840, Lillard took a rule for the objects specified, returnable on the 14th March, which was heard, and the following judgment rendered : "It is ordered by the court that the rule be made absolute, and that the syndic be allowed three days to file his bank book in court."

2. This delay was allowed in consequence of the sickness of the syndic. The court also considered, that according to the act of 1837, no other part of the rule could be heard but that requiring the production of the bank book ; as by that law, ten days notice is required to be given to the syndic, in order to obtain his removal from office ; so that, so far as his dismissal was concerned, the rule was at an end. If at the expiration of the three days allowed by the court, the syndic had failed to produce his bank book, &c., the plaintiff would be entitled to take his ten days rule on him to show cause why he should not be removed from office and pay damages, &c.

3. The plaintiff in the rule was bound to fulfil all the requirements of the statute of 1837, to entitle him to the remedy he sought against the syndic. The court considering that the plaintiff's rule of the 10th March had been disposed of, and a delay of three days given to produce the bank book ; and that by the act of 1837, the syndic was entitled to ten days notice of the application to dismiss him from the syndicship, refused to hear the motion and receive the evidence offered for that purpose.

EASTERN ,DIST.
*April,* 1840.

STATE OF LOUISI-
ANA
*vs.*
JUDGE OF THE
PARISH COURT OF
NEW-ORLEANS.

*Greiner,* for the application, insisted on the *mandamus,* and that the rule taken in this court for a peremptory *mandamus,* be made absolute.

*Bullard, J.,* delivered the opinion of the court.

A creditor of Tarbe & Nash having taken a rule on the syndic to show cause within ten days why he should not produce the bank book, which by the act of 1837, section third, he is bound to keep; or in default thereof that he should be dismissed from the office of syndic. The same was made absolute, so far as relates to the production of the book, but three days were allowed him to produce the same, it being shown that he was sick. Before the expiration of the three days, the counsel for the creditor insisted upon his right to give evidence, that the syndic had never kept. such bank book and moved for his dismissal. This being refused, he obtained from this court a rule on the judge to show cause why a *mandamus* should not issue, commanding him to receive the evidence and make the rule absolute for the dismissal of the syndic. The judge shows for cause that the part of the rule which relates to the dismissal of the syndic could not be tried until he is in default in relation to the production of the book, and that the three days allowed had not expired at the time the second motion was made.

The judge in our opinion exercised a proper discretion, in allowing the three days delay on account of sickness. It was tantamount to an enlarging of the rule and postponing the trial for that length of time, and consequently it would have been improper to have proceeded further.

Let the rule be discharged.